{¶ 46} I do not agree that because he had observed Defendant-Appellant's vehicle twice cross the white line separating the lane of traffic in which the vehicle was moving from the berm of the shoulder to its right, Trooper Dixon had probable cause to stop Defendant-Appellant's vehicle for a violation of R.C. 4511.33(A) under the rule of Dayton v. Erickson (1996), 76 Ohio St.3d 3.
 {¶ 47} R.C. 4511.33(A) states:
 {¶ 48} "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 {¶ 49} "(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from *Page 17 
such lane or line until the driver has first ascertained that such movement can be made with safety."
 {¶ 50} A "laned highway" is "a highway the roadway of which is divided into two or more clearly marked lanes for vehicular traffic." R.C.4511.01(GG). A "roadway" is "that portion of a highway improved, designed, or ordinarily used for vehicular traffic, except the berm or shoulder." Reading these two definitional provisions together compels a conclusion that the berm or shoulder of a highway is not part of the marked lanes for vehicular traffic into which a roadway has been divided.
 {¶ 51} The conduct that R.C. 4511.33(A) prohibits is not simply failing to drive within the marked boundaries of the lane of traffic in which the vehicle is moving. Rather, it is driving other than entirely within a single marked lane of traffic on a roadway that has been divided into two or more lanes; that is, driving within more than one of the multiple marked lanes of the roadway. Because the berm or shoulder is not part of the roadway, crossing out of a marked lane, across the white line separating the lane from the berm or shoulder, does not violate R.C. 4511.33(A), because the berm or shoulder is not another marked lane of the roadway.
 {¶ 52} R.C. 4511.33(A) injects an ambiguity that blurs these distinctions by further providing that the vehicle "shall not be moved from such lane of traffic" until the driver has discerned that that can be done safely. However, that prohibition applies to moving into another lane of travel on the roadway, not to moving out of a lane of travel and onto the berm or shoulder. In resolving the ambiguity, the latter interpretation is not favored over the former because "[s]ections of the Revised Code defining offenses shall be *Page 18 
construed strictly against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).
 {¶ 53} Nevertheless, I would affirm the trial court's order denying Defendant-Appellant's motion to suppress. Trooper Dixon's observations portray a reasonable basis to suspect that Defendant-Appellant's ability to operate her vehicle safely was impaired because she was under the influence of alcohol and/or drugs, a violation of R.C. 4511.19(A)(1). The officer was authorized to briefly detain Defendant-Appellant to investigate that suspicion, Terry v. Ohio (1968), 392 U.S. 1,20 L.Ed.2d 889, 88 S.Ct. 1868, which he did by stopping her vehicle. Evidence of an R.C. 4511.19(A)(1) violation that he obtained as a result of that detention is not subject to suppression. *Page 1